IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

DANIEL THOMAS LANAHAN,                    *

Petitioner                               *

v                                        *          Civil Action No. JFM-16-977

TOM LEWIS, et al.,                       *

Respondents                              *
                                       ***

MEMORANDUM

On April 4, 2016, petitioner Daniel Thomas Lanahan, filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. §2254 . ECF 1. Petitioner challenges the stet entered in 2001 by the District Court of Maryland for Baltimore County in Case Number 3C00157279.[1] *Id.*, p. 1.

Under 28 U.S.C. § 2254(a) "[t]he Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person *in custody pursuant to the judgment of a State court* only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." (emphasis added). Federal habeas relief is unavailable where a petitioner "suffers no present restraint from a conviction." *See Maleng v. Cook,* 490 U.S. 488, 492 (1989). Under Maryland law, the entry of a stet signifies that the state has decided not to proceed against the accused on that indictment or information at that time. *Maryland v. Meade*, 647 A. 2d 830, 839-50 (Md. App. 1994). As Lanahan is not in custody under the judgment he challenges, his petition shall be dismissed.

---

[1] A review of the Maryland Judiciary Case Search indicates that petitioner was charged with carrying a concealed deadly weapon on October 12, 2001. The matter was placed on the stet docket on November 14, 2001. *See* http://casesearch.courts.state.md.us/casesearch/inquiryDetail.jis?caseId=3C00157279&loc=29&detailLoc=DSCR

When a district court dismisses a habeas petition solely on procedural grounds, a certificate of appealability will not issue unless the petitioner can demonstrate both "(1) 'that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right' and (2) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" *Rouse v. Lee,* 252 F.3d 676, 684 (4th Cir. 2001) (quoting *Slack v. Daniel,* 529 U.S. 473, 484 (2000)). Lanahan has not met this standard. By separate Order which follows the petition for writ of habeas corpus shall be dismissed and a Certificate of Appealability denied.

_4/15/16_
Date

_J. Frederick Motz_
J. Frederick Motz
United States District Judge

FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND

2016 APR 15  AM 11: 36

CLERK'S OFFICE
AT BALTIMORE

BY _____ DEPUTY